UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| HARVEL THOMAS,<br><br>                                  Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General of the United States; THOMAS E. FEELEY, Field Office Director for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs Enforcement; DEPARTMENT OF HOMELAND SECURITY; and THOMAS BROPHY, Facility Director, Buffalo Federal Detention Facility,<br><br>                                  Respondents. | Case No. 20-CV-6362-FPG<br>DECISION AND ORDER |

_____

## INTRODUCTION

This is the second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241") filed by *pro se* Petitioner Harvel Thomas, an alien detainee in the custody of the Department of Homeland Security ("DHS"). ECF No. 1. For the reasons discussed below, the Court *sua sponte* grants leave to amend the Petition to name a proper respondent.

## BACKGROUND

Thomas commenced his first habeas proceeding on December 3, 2018. *Thomas v. Whitaker*, No. 18-CV-6870 (W.D.N.Y. Dec. 3, 2020) ("*Thomas I*"), ECF No. 1. In a Decision and Order entered August 7, 2019, the Court found that Thomas's detention had become unreasonably prolonged and granted habeas relief to the extent that the Government was ordered to hold a bond hearing at which it would bear the burden of proving "by clear and convincing evidence that Thomas's continued detention is justified based on his present risk of flight or danger to the

1

community." *Thomas I*, ECF No. 19 at 9. In addition, the Court agreed with the Government that the only proper respondent was "Jeffrey Searls, the Assistant Field Office Director of the ICE Buffalo Field Office." *Id.*, ECF No. 34 at 8 (citing *Thomas I*, ECF No. 16 at 1 n.1). As the "person with direct control" over Thomas's detention, the Court held that Searls "was the proper respondent given Thomas's requested relief." *Id.*, ECF No. 34 at 8. Accordingly, the Court granted the petition as to Searls but denied it as to the remaining respondents. *Id.*, ECF No. 34 at 9.

Thomas was denied release on bond following a hearing before an immigration judge on August 19, 2019, and the Court subsequently denied Petitioner's motion for enforcement. *Thomas I*, ECF No. 34 at 4-8. He commenced this habeas proceeding on June 3, 2020 ("*Thomas II*"), naming a different set of respondents than in his first petition. ECF No. 1. The Government answered the petition on July 23, 2020. ECF Nos. 4 to 4-4. Among other arguments, the Government asserted that "[t]he only proper Respondent in this habeas proceeding is Jeffrey Searls, Officer in Charge at the Buffalo Federal Detention Facility, as he is the person with direct control over the detention of Petitioner." ECF No. 4-4 at 2 n. 1. However, unlike in *Thomas I*, Searls has not been named as a respondent. *Compare* ECF No. 1 at 1, *with Thomas I*, ECF No. 1 at 1 (naming "Jeffrey J. Seals [sic] Facility Director, Buffalo Federal Detention Facility" as a respondent). Petitioner filed a reply.

## DISCUSSION

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") (citation omitted). Accordingly, a habeas petition should name as the respondent "the person who has custody over

[the petitioner]," 28 U.S.C. § 2242, that is, the person who is the petitioner's "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 439-40 (2004).

"[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held," and the writ is issuable only in "the district of confinement." *Rumsfeld*, 542 U.S. at 436, 442. This Court has adopted "'[t]he majority view in the Second Circuit [which] requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—i.e., those challenging present physical confinement.'" *Gutierrez Cupido v. Barr*, No. 19-CV-6367-FPG, 2019 WL 4861018, at *3 (W.D.N.Y. Oct. 2, 2019) (quoting *Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) (quotation omitted in original)). Because Thomas challenges his present physical confinement, he has presented a "core" habeas claim. While he has correctly filed the petition in "the district of confinement," he has not named his "immediate custodian" as a respondent.

Accordingly, in light of Thomas's *pro se* status, the Court *sua sponte* grants him leave to amend the petition so as to name "Jeffrey Searls, Officer in Charge, Buffalo Federal Detention Facility," as a respondent. *See*, *e.g.*, *McLean v. Holder*, No. 11-CV-401 RRM LB, 2011 WL 705404, at *2 (E.D.N.Y. Feb. 18, 2011) (on initial screening of *pro se* § 2241 habeas petition raising core claims, which was filed in district of confinement but did not name warden of facility as a respondent, granting leave to amend to name warden of facility as a respondent); *Saunders v. United States Parole Comm'n*, 665 F. App'x 133, 135 (3d Cir. 2016) (summary order) ("When a habeas petitioner incorrectly identifies the party-respondent, the proper course typically is not a with-prejudice dismissal of the petition. Rather, the habeas petitioner should be permitted leave to amend.") (collecting cases). In the interest of judicial economy, Petitioner need not file an entire

amended petition but may simply re-file the first page of the original Petition (which consists only of the caption), and list "Jeffrey Searls, Officer in Charge, Buffalo Federal Detention Facility" as a respondent in the caption. Petitioner should include the same docket number of this Order (#20-CV-6362). *See Dubrin v. People of California*, 720 F.3d 1095, 1100 (9th Cir. 2013) ("When the State raised this issue below, without identifying any conceivable prejudice it could have suffered, Dubrin promptly attempted to remedy the error by submitting an amended cover sheet for his petition that named the Director of the California Department of Corrections as the respondent. On remand, the district court shall either deem Dubrin's *pro se* petition to have been amended to name the proper respondent, or grant him leave to amend his petition to correct this technical deficiency.")

## CONCLUSION

For the foregoing reasons, the Court *sua sponte* grants leave to amend the Petition to name the proper respondent. As stated above, Petitioner is not required to file an entirely new amended petition. Instead, he may re-file the first page of the original Petition (which consists solely of the case caption), making sure to list "Jeffrey Searls, Officer in Charge, Buffalo Federal Detention Facility" as the respondent in the caption. Petitioner should include the same docket number of this Order (#20-CV-6362). The amendment is due by September 29, 2020. The Court will then take the petition, as amended, under advisement, and no further briefing shall be required.

IT IS SO ORDERED.

Dated: September 15, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court