UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HARVEL THOMAS,                               Case #20-CV-6362-FPG
                                                             DECISION AND ORDER
                                      Petitioner,

v.

WILLIAM P. BARR, Attorney General of the
United States, et al.

                                      Respondents.

## INTRODUCTION

This is the second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Harvel Thomas, an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). ECF No. 1. For the reasons discussed below, the request for a writ of habeas corpus is GRANTED insofar as Thomas must be afforded an individualized bond hearing at which the Government bears the burden of proving, by clear and convincing evidence, that his detention remains justified.

## BACKGROUND

Thomas commenced his first habeas proceeding on December 3, 2018. *Thomas v. Whitaker, et al.*, #18-CV-6870-FPG (W.D.N.Y. Dec. 3, 2020) ("*Thomas I*"), Dkt #1.[1] In a Decision and Order entered August 7, 2019, the Court found that Thomas's detention had been unreasonably prolonged and granted habeas relief to the extent that the Government was ordered to hold a bond hearing at which it would bear the burden of proving "by clear and convincing evidence that

---

[1] The history of Thomas's immigration proceedings is outlined in the Court's August 7, 2019 Decision and Order in *Thomas I* and need not be repeated here. *See Thomas I*, Dkt #19 at 1-3.

1

Petitioner's continued detention is justified based on his present risk of flight or danger to the community." *Thomas I*, Dkt #19 at 9.

On August 19, 2019, IJ Philip J. Montante, Jr. held the hearing as directed. Following the close of the evidence, the IJ found that the Government had shown by clear and convincing evidence that Thomas was a danger to the community and a flight risk and that no alternatives to detention were adequate to mitigate these concerns. *Thomas I*, Dkt #21 at 1.

Thomas filed an enforcement motion in this Court on March 2, 2020, requesting immediate release from DHS custody on the basis that the IJ did not conduct the bond hearing in compliance with the Court's order and committed various substantive and procedural errors. *Thomas I*, Dkt #29. In particular, he asserted that the IJ was not impartial, failed to admit certain evidence, failed to properly apply the "clear and convincing" burden of proof, and failed to consider less restrictive alternatives to detention. *Id.*, Dkt #29 at 4-5. In a decision and order dated May 11, 2020, the Court held that the bond hearing complied with its previous order and was constitutionally adequate. *Id.*, Dkt #34 at 4-8. Accordingly, the Court denied the enforcement motion. *Id.*

Meanwhile, in his immigration proceedings, Thomas filed a petition for review ("PFR") and a motion for a stay with the United States Court of Appeals for the Second Circuit, challenging the BIA's order affirming the IJ's denial of his applications for withholding of removal and CAT protection. *Thomas v. Barr*, 19-303 (2d Cir. Feb. 4, 2019). The Second Circuit granted Petitioner's stay motion on July 1, 2019. *Id.*, Dkt #59. On January 21, 2020, the parties entered into a stipulation dismissing the appeal without prejudice and remanding the case for the BIA to reconsider several of its factual determinations regarding Petitioner's applications for withholding of removal and CAT protection. *Id.*, Dkt #100 & 109.

Thomas commenced this habeas proceeding on June 3, 2020 ("*Thomas II*"). ECF No. 1. Respondent answered the petition on July 23, 2020. ECF Nos. 4 to 4-4. Thomas filed a reply. ECF No. 6.

On September 16, 2020, the Court issued a decision and order finding that Thomas had failed to name his "immediate custodian" as respondent. ECF No. 10 at 1. In light of Thomas's *pro* se *status*, the Court *sua sponte* directed him to file an amended cover sheet to the Petition naming his immediate custodian, "Jeffrey Searls, Officer in Charge, Buffalo Federal Detention Facility," as a respondent. *Id.* Thomas timely filed an amended cover sheet listing "Jeffrey Searls, Facility Director, Buffalo Federal Detention Facility," as a respondent. ECF No. 13. With the Court's jurisdictional concerns now resolved, the Court may proceed to consider the Petition's merits.

## DISCUSSION

### I. Overview

Thomas first claims that his continued detention under 8 U.S.C. § 1226(c) violates his right to procedural due process under the Fifth Amendment because the August 2019 bond hearing was constitutionally flawed. Second, he argues that his prolonged detention for more than 36 months violates his right to substantive due process under the Fifth Amendment. Third, he contends that his prolonged detention for more than 36 months without a meaningful review of his detention violates his Fifth Amendment procedural due process rights. Because it is dispositive, the Court need only address the third claim. *See Thomas I*, Dkt #19 at 3 (declining to address the petitioner's other theories for habeas relief where one claim warranted granting the writ).

**II.     Petitioner's Procedural Due Process Claim Warrants Habeas Relief**

As noted above, Petitioner has been in DHS custody since August 28, 2017, and thus his detention has lasted more than three years at this point. It has been approximately 13 months since his last bond hearing on August 19, 2019. In *Thomas I*, the Court observed that "periodic custody review forms a basic procedural protection in a civil detention regime." *Thomas I*, Dkt #19 at 4 (citing *Proctor v. LeClaire*, 846 F.3d 597, 610-12 (2d Cir. 2017) (procedural due process requires that inmates subject to administrative segregation receive periodic reviews); *Clark v. Cohen*, 794 F.2d 79, 86 (3d Cir. 1986) (periodic reviews required for those subjected to involuntary commitment)). The Court held that the logic of cases like *Proctor* and *Clark* "applies directly the immigration-detention context[,]" *id.*, because the Government's justifications for mandatory detention under 8 U.S.C. § 1226(c) "may dissipate or change over time[.]" *Id.*

Respondents argue that Thomas's procedural due process claim lacks merit because he has already received a constitutionally adequate bond hearing. The Court remains unpersuaded. "An immigration judge's one-time finding that Thomas was a flight and danger risk does not prove that he will remain such a risk in the future." *Thomas I*, Dkt #19 at 5. "[A]s in other situations involving civil confinement or detention, periodic custody reviews for immigration detainees are necessary to ensure that the grounds for their detention continue to exist *in fact*." *Id.* (citing *Proctor*, 846 F.3d at 609 ("The purpose of [periodic reviews in the context of administrative segregation] is to ensure that the state's institutional interest justifying the deprivation of the confined inmate's liberty has not grown stale."); emphasis in original).

To resolve the question of what process is due to an alien who, like Thomas, *has* had an individualized bond hearing, this Court conducts the same inquiry as it does in cases where an alien has not received *any* bond hearing: "[F]irst, the Court 'considers whether the alien's detention

has been unreasonably prolonged [since the last bond hearing],' and second, if it has, the Court determines whether the government has provided constitutionally adequate procedural safeguards." *Thomas I*, Dkt #19 at 6 (quotation omitted; second alteration in original).

Here, just over thirteen (13) months have elapsed since Thomas's August 19, 2019 bond hearing before IJ Montante. The Court find that Thomas's detention since the previous bond hearing has been unreasonably prolonged. *See*, *e.g.*, *Gutierrez v. Barr*, No. 20-CV-6078-FPG, 2020 WL 2059845, at *2 (W.D.N.Y. Apr. 29, 2020). (finding that alien's detention was unreasonably prolonged where he had "been detained for over thirteen months[,]" which was "beyond the point at which courts find detention unreasonably prolonged") (citations omitted). It follows from the Court's analysis in *Thomas I* that he is entitled to another bond hearing. *See Thomas I*, Dkt #19 at 5 ("Once his detention has been unreasonably prolonged, an alien has a right to a new bond hearing."). The evidentiary standard and the allocation of the burden of proof must be the same as in the earlier, Court-ordered hearing: The Government bears the burden of proving by clear and convincing evidence that the alien is presently a flight risk or danger to the community. *Id.* at 6 (citation omitted); *see also id.* at 8. In addition, "the immigration judge must . . . consider less restrictive alternatives to detention and find that no condition or combination of conditions short of detention can reasonably assure Thomas's appearance and the safety of the community (i.e., there are no conditions that would ameliorate the risks that Thomas poses)." *Id.* at 8 (citation omitted).

### III.    The Petition Is Amended to Name the Proper Respondent

As a procedural matter, the Court agrees with Respondents that, given the relief requested in the Petition, the only proper respondent is Jeffrey Searls, the "person with direct control" over Thomas's detention. *Thomas I*, Dkt #19 at 8 (citation omitted). As directed by the Court, Thomas has submitted an amended cover sheet to the Petition listing "Jeffrey Searls, Facility Director, Buffalo Federal Detention Facility," as a respondent. Accordingly, the Petition will be amended to add Jeffrey Searls, Facility Director, Buffalo Federal Detention Facility, as reflected in the amended cover sheet, ECF No. 13. The remaining named respondents are dismissed from this action.

## CONCLUSION

For the foregoing reasons, the Petition is AMENDED to add Jeffrey Searls, Facility Director, Buffalo Federal Detention Facility, as a respondent. All other named respondents are DISMISSED from this action. The Petition for a writ of habeas corpus is GRANTED TO THE EXTENT that Respondent Jeffrey Searls is directed to bring Petitioner before an immigration judge for a bond hearing within fourteen (14) days of this Decision and Order. At the bond hearing, the Government shall bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his *presen*t risk of flight or dangerousness to the community. To conclude that continued detention is justified, the immigration judge must also find that there is no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community. If a bond hearing is not held within the 14-day deadline set herein, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. Within three (3) days of the date of the bond hearing, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable

deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.

The Clerk of Court is directed to enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated: September 28, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court